THOMPSON v. EGBERT, appellant.

*Defense — equitable, to legal action — Evidence — parol testimony.*

Plaintiff, to whom a testator devised all his real estate, brought action to dispossess E. of lands the title to which was in testator's name. E., in his answer, set up that the testator and himself were partners, and that the real estate was partnership property. *Held,* that E. was entitled to set up this defense to plaintiff's claim, and that parol evidence of the facts set forth was admissible on the part of the defense.

APPEAL from a judgment in favor of plaintiff at the Richmond circuit, October, 1873, entered upon a verdict directed by the court, and from an order denying a new trial. The action was brought by Elizabeth Thompson against Joseph Egbert, to obtain possession of certain real estate situate in Southfield, Richmond county, and damages for withholding the same. The plaintiff claimed title to the premises as devisee of her husband, John C. Thompson, in whose name the title was. The defendant, in his answer, set forth that John C. Thompson and he were, at the time the land was purchased, partners in the purchase and sale of real estate, doing business under the name of "John C. Thompson." That the land was purchased by deceased for the purposes of the partnership, and Egbert, as a partner, went into possession and improved the same.

At the trial, after plaintiff had rested, defendant offered oral evidence of the facts set forth in the answer, which was excluded by the court and a verdict directed for the plaintiff.

*George P. Avery*, for appellant.

*T. Westervelt*, for respondent.

BARNARD, P. J. The plaintiff is the widow of John C. Thompson, and sole devisee under his will of all her husband's real estate. As such, she brings this action to dispossess the defendant from certain lands which are situate in Richmond county, and which her husband took by deed from Abram Hallock. The defendant, in his answer, sets up as a defense that the property was bought as partnership property, by John C. Thompson and defendant as partners, and the deed was taken in the firm name, which was John C. Thompson. That the defendant had paid his share toward the purchase, and that he was in possession as partner, and had paid a large amount in the improvement of the land.

Upon the trial, the justice excluded the proof offered by defendant to show a partnership in the lands, by parol, and also to establish the other averments contained in the answer. We think this was erroneous. It is well established now, that an equitable defense may be set up to a legal action. This is not questioned by the respondent. His claim is, that the defendant asks no affirmative relief based upon his equitable claim. This is true; but if his answer is proven he is not wrongfully in possession as against the plaintiff, and by reason thereof this action fails.

Indeed, I do not see what equitable relief he could ask as against the plaintiff. She was simply a devisee of her husband's lands. She had no interest, beyond this property, in the partnership or its assets, or in its liabilities. She could bind no one by a litigation upon these questions. She alone brings this action, and when the defendant meets her claim he does all that is required of him in the action.

The judgment should be reversed and a new trial granted, costs to abide event.

*Judgment reversed.*